# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

|  |  |
|---|---|
| IN RE: | |
| ROBERT L. GALLAMORE. | |
| LUCY M. GALLAMORE | Case Number: 05-15252 |
|     Debtors | Chapter 7 |
| | Hon. George C. Paine, II |
| AMERICREDIT FINANCIAL SERVICES Inc., | |
|     Plaintiff | |
| v. | Adversary Number: 06-034A |
| ROBERT L. GALLAMORE, LUCY M. GALLAMORE and MICHAEL GIGANDET, Chapter 7 Trustee, | |
|     Defendants | |

## MEMORANDUM

This matter is before the court on Americredit Financial Services, Inc.'s ("Americredit") complaint requesting the debt owed by the debtors, Robert L. and Lucy M. Gallamore, ("debtors") be found nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and/or (B). A trial was held by the court on January 23, 2007. After reviewing all of the evidence, the court finds: (1) Americredit failed to meet its burden of proof under 11 U.S.C. §§ 523(a)(2)(A) and (B); (2) the debt owed to Americredit is discharged; and (3) the debtors may be entitled to attorney fees and costs against Americredit as provided for in 11 U.S.C. § 523(d) as more specifically detailed herein. The following constitutes the court's findings of fact and conclusions of law.

The parties stipulated to the following:

1. This adversary proceeding is brought pursuant to, and under, Rule 7001 of the Federal Rules of Bankruptcy Procedure for the purpose of objecting to the discharge of an outstanding obligation owed to AmeriCredit.

2. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding as to which this Court may enter final judgment under 28 U.S.C. § 157.

3. Venue of this action is properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. Plaintiff, AmeriCredit, is a foreign corporation organized in the state of Texas authorized to do business in the state of Tennessee. Its principal place of business is 801 Cherry Street, Suite 4000, Ft. Worth, Texas, 76102.

5. Defendants Robert L. Gallamore and Lucy M. Gallamore ("Debtor(s)") are the Debtor(s) in this bankruptcy case and are residents of the state of Tennessee. Debtor(s) address is 1657 John Sharp Road, Spring Hill, TN 37174.

6. The Debtor, Lucy Gallamore, and AmeriCredit entered into a Retail Installment Contract dated July 31, 2005 for the purchase of a 2002 Ford Truck Windstar, VIN 2FMZA514X2BB91605 ("Vehicle") which Contract was assigned to AmeriCredit for value and in good faith.

7. As reflected on the Certificate of Title issued by the State of Tennessee, AmeriCredit has a perfected lien on the Vehicle.

8. In order to finance the purchase of the Vehicle, Debtor completed a loan application on or about July 29, 2005, in which she listed her gross monthly salary as $2000.00.

9. Debtor listed on the loan application that she had been employed as a foster parent for approximately two years.

10. In reliance upon the information provided by the debtor, AmeriCredit provided financing for the purchase of the vehicle pursuant to the following terms:

    Amount Financed - $13,454.93
    Annual Percentage Rate - 18.95%
    Finance Charge - $7,618.87
    Total Sale Price - $21,573.80
    Amount of Payments - $351.23

11. Debtor filed for Chapter 7 bankruptcy protection on October 15, 2005, which was two days before the effective date of the changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of

2005.

12. Debtor's Schedule I, filed on October 15, 2005, lists her gross monthly income as $0.00.

13. Debtor, Lucy M. Gallamore, states that she only receives a total of $384.00 monthly income from providing day care services and a part-time job.

14. Debtor's Statement of Financial Affairs lists her 2005 gross income as $2,016.00.

15. At the time of the Chapter 7 filing and pursuant to the Retail Installment Contract, the amount due and owing to Americredit was Thirteen Thousand One Hundred Sixty Nine and 05/100 Dollars ($13,169.05).

16. Debtor(s), Robert L. Gallamore and Lucy M. Gallamore, filed a Motion to Redeem the Vehicle on December 22, 2005, and asserted that the fair market value of the property was Eight Thousand Two Hundred Dollars ($8,200.00).

17. AmeriCredit objected to Debtor's proposed redemption, and the parties agreed to a redemption value of Nine Thousand Four Hundred Twenty Five and 00/100 Dollars ($9,425.00).

18. Pursuant to agreement, the parties entered into an Agreed Order on Motion to Redeem Personal Property which provided that the Debtors be allowed to redeem the vehicle for $9,425.00. The Agreed Order further provided that if the Debtors failed to pay the redemption funds within 30 days entry of the Agreed Order, then automatic stay would be terminated and the property abandoned to AmeriCredit, and that AmeriCredit would have the right to proceed with all remedies under state law. The Agreed Order was entered with the Court on February 14, 2006.

19. The Debtors did not pay the redemption funds to AmeriCredit and the Vehicle was liquidated at auction. The balance remaining to AmeriCredit is $9160.16.

20. As reflected in the records produced by OmniVisions, Debtor, Lucy Gallamore, received payments totaling $85,548.01 from OmniVisions, Inc. and Omni Community Services, Inc. from March 15, 2004 to December 31, 2006, relating to her services as a professional parent.

21. The documents produced by OmniVisions, Inc. entitled Professional Parent Agreement are accurate copies of the contracts entered into by the Debtor, Lucy Gallamore.

22. On December 4, 2006, the Debtor, Lucy Gallamore, filed an Amended Schedule I listing the payments received from OmniVisions as foster care reimbursement in the amount of $2500 per month.

23. On December 4, 2006, the Debtor, Lucy Gallamore, filed an

Amended Schedule J listing foster care expenditures in the amount of $2500.

The only witness to testify at trial was Lucy Gallamore. She explained that she and her husband are foster parents for higher level risk children. In return for their care of these children, the Gallamore's receive reimbursement checks from a contractor of the state called Omnivision. The Gallamore's 2004 tax returns indicate that they had one foster child in their home during that year for which they claimed an exemption but did not claim the foster care payments as income. Mrs. Gallamore testified that she and her husband are permitted to claim an exemption for a foster care under certain circumstances, but because the payments from Omnivision are reimbursements, those payments are not claimed as income on their taxes.

In 2005, she and her husband had two foster care children living with them. She explained that both were higher risk children and had health issues. They claimed both children on their 2005 taxes as exemptions and did not record their payments for reimbursement from Ominvision as income on their taxes.

In July 2005, Mrs. Gallamore testified that she went to Alexander Ford Mercury to purchase a van. She needed a new vehicle because one of the foster children suffered from severe eczema and the air conditioning had failed on her 1980's car. She and her husband had purchased vehicles from the dealership before and even had a relationship with one of the salesman, Mr. Dickerson. In fact, Mrs. Gallamore's unrebutted testimony was that Mr. Dickerson asked her questions while he filled out the credit application that she then signed. On the credit application it states that Mrs. Gallamore's gross salary is $2000 per month and that her occupation is a "FOSTER PARENT." Mrs. Gallamore unchallenged testimony was that she was completely honest with Mr. Dickerson about her situation and that she told him that she received

$2,500 per month for the foster care of two children.

Shortly after she purchased the van, GMC's Saturn plant did not renew its contract with her husband's employer. She explained that he was forced to accept unemployment or move to Indiana for a lesser-paying job. Based on these circumstances, they sought bankruptcy protection and planned to move to Indiana. Mrs. Gallamore testified that because she would not be allowed to adopt the foster children and take them to Indiana, her husband moved to Indiana without her while she stayed behind to remain with the foster children for the required waiting period so she could adopt the children. At this time, she then surrendered the van.

Mrs. Gallamore testified without contradiction, that she intended to pay for the van when she purchased it, and that she was completely honest with Mr. Dickerson about her finances and that she never intended to deceive anyone.

Americredit purchased the loan from the dealership and now seeks to have the debt declared nondischargeable based upon the alleged fraud of Mrs. Gallamore in listing her income as $2000 per month on the credit application but listing $0 in income on her bankruptcy petition and her income taxes. The court finds absolutely no merit to any of Americredit's allegations.

Section 523(a)(2)(A) denies discharge of a debt:

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A). In order to except a debt from discharge under §

5-U.S. Bankruptcy Court, M.D. Tenn.

Case 1:06-ap-00034    Doc 32    Filed 01/25/07    Entered 01/25/07 09:36:34    Desc Main
Document      Page 5 of 9

523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. **See Longo v. McLaren (In re McLaren )**, 3 F.3d 958, 961 (6th Cir.1993); **In re Ayers**, 25 B.R. 762, 772 (Bankr. M.D. Tenn.1982).

Americredit did not show that the debtors intentionally or even accidentally misled the Ford salesman. Americredit cannot and did not show that there was any intent on the debtors' part to deceive Ford and thus Americredit. The proof was wholly to the contrary. Americredit did not show reliance or proximate cause. Americredit's reliance was, in actuality, on Ford's saleman who made Mrs. Gallamore's foster care payments into income so he could sell her the vehicle, not upon Mrs. Gallamore who allegedly lied about the source of her funds. The court found Americredit's proof absolutely lacking and Mrs. Gallamore's testimony completely credible.

Section 523(a)(2)(B) provides in relevant part as follows:

(a) A discharge under section 727··· does not discharge an individual debtor from any debt-

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by-

        (B) use of a statement in writing-

            (i) that is materially false;

            (ii) respecting the debtor's or an insider's financial condition;

            (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

            (iv) that the debtor caused to be

6-U.S. Bankruptcy Court, M.D. Tenn.

Case 1:06-ap-00034    Doc 32    Filed 01/25/07    Entered 01/25/07 09:36:34    Desc Main
Document    Page 6 of 9

> made or published with intent to deceive; They must prove all of the elements of their cause of action by a preponderance of the evidence, and dischargeability exceptions are strictly construed against creditors. Giant Eagle, Inc., et al. v. Monus (In re Monus), 294 B.R. 707, 713 (Bankr.N.D.Ohio 2003); Insouth Bank v. Michael (In re Michael), 265 B.R. 593, 597 (Bankr.W.D.Tenn.2001); FirstMerit Bank, N.A. v. Green (In re Green), 240 B.R. 889, 891 (Bankr.N.D.Ohio 1999); Fifth Third Bank v. Collier (In re Collier), 231 B.R. 618, 623 (Bankr.N.D.Ohio 1999).

11 U.S.C. § 523(a)(2)(B). Five elements must be established: (1) that a statement in writing was used; (2) that the written statement was materially false; (3) that the false written statement related to the debtor's or an insider's financial condition; (4) that the creditor reasonably relied; and (5) that the written statement was made or published with intent to deceive. **In re Chamberlain** 330 B.R. 195, 203 (Bankr. S.D.Ohio, 2005).

Americredit failed to demonstrate four of the five required elements. The only element shown was that a statement in writing was used. Americredit cannot show that the information provided was materially false. Mrs. Gallamore's uncontested testimony was that she explained her foster care situation and payments to Mr. Dickerson who then placed her amount as income on the credit application. Mrs. Gallamore's signature on the application does not negate that she told Mr. Dickerson the truth about her foster care reimbursements. Furthermore, because Americredit cannot show that the written statement was materially false, it cannot show that the "false" written statement related to the debtors' financial condition. Finally, this court has already found no reliance or ill-intent under section 523(a)(2)(A) and therefore finds none

under § 523(a)(2)(B).

It appears that Americredit's complaint may not have been "substantially justified" under section 523(d) thereby requiring the court to order the payment of costs and attorney fees to the debtors. Section 523(d) provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d). Once it is determined that the debtor prevails, the burden shifts to the creditor to prove that its position was "substantially justified." ***AT&T Universal Card Services Corp. v. Williams (In re Williams)***, 224 B.R. 523, 529 (2nd Cir. BAP 1998); ***First Deposit National Bank v. Mack (In re Mack)***, 219 B.R. 311, 314 (Bankr. N.D.Fla. 1998). To carry its burden, the creditor must show that it has a "reasonable basis in both law and fact." ***Id***; ***In re Bullock*** 322 B.R. 176, 179 (Bankr. M.D.Ala. 2005).

In order to allow Americredit the opportunity to demonstrate that it had a "reasonable basis in law and fact" to **substantially** justify the prosecution of this dischargeability action, the court orders that <u>a hearing be held on Tuesday, February 20, 2007 at 9:00 a.m. in Courtroom 1, 701 Broadway, Nashville, TN 37203</u>. At the hearing, if the court determines that the complaint was not substantially justified, Americredit will be responsible for the debtors' reasonable costs and attorney fees, including attorney fees incurred at that hearing.

In summary, the court finds that the debt to Americredit is fully discharged in the

debtors' bankruptcy and dismisses the complaint filed by Americredit. Mr. Perry Happell, attorney for the debtors, shall file an ORDER not inconsistent with this Memorandum within five (5) days of entry of the Memorandum. Contemporaneous with the Order, Mr. Happell is instructed to file an affidavit setting forth the reasonable costs and attorney fees in connection with this adversary proceeding to allow Americredit time to review and object to any costs and fees it might be ordered to pay at the February 20, 2007 hearing.

It is, THEREFORE, so ordered.

This \_\_\_\_ day of January, 2007.

***THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.***

9-U.S. Bankruptcy Court, M.D. Tenn.

Case 1:06-ap-00034    Doc 32    Filed 01/25/07    Entered 01/25/07 09:36:34    Desc Main
Document      Page 9 of 9