# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | |
| ROBERT L. GALLAMORE. | |
| LUCY M. GALLAMORE | Case Number: 05-15252 |
| Debtors | Chapter 7 |
| | Hon. George C. Paine, II |
| AMERICREDIT FINANCIAL SERVICES Inc., | |
| Plaintiff | |
| v. | Adversary Number: 06-034A |
| ROBERT L. GALLAMORE, LUCY M. GALLAMORE and MICHAEL GIGANDET, Chapter 7 Trustee, | |
| Defendants | |

## MEMORANDUM

The court set a hearing to determine if Americredit Financial Services, Inc.'s ("Americredit")'s 11 U.S.C. § 523(a) dischargeability complaint was "substantially justified" pursuant to § 523(d) of the Bankruptcy Code. The court finds the complaint was not "substantially justified" and orders Americredit to pay the debtor's costs and attorney fees as more particularly set forth below.

By way of brief review, the facts in this case are summarized here. In 2005, the debtor, Lucy Gallamore, went to Alexander Ford Mecury to purchase a new vehicle

when her 1980's model vehicle's air conditioning stopped working. The debtor testified trial that the new vehicle was necessary because the two foster children she was caring for had serious health issues requiring use of a working air conditioning. Her salesman at the dealership, Mr. Dickerson, had helped her in the past when purchasing cars. After finding a Ford Winstar to purchase, Mr. Dickerson asked her questions while he filled out her credit application to finance the vehicle.

On the credit application it states that Mrs. Gallamore's gross salary is $2000 per month and that her occupation is a "FOSTER PARENT." Mrs. Gallamore's unchallenged testimony was that she was completely honest with Mr. Dickerson about her situation and that she told him that she received $2,500 per month for the foster care of two children. She reviewed and signed the credit application.

Shortly thereafter, her husband lost his job at the Saturn plant and was forced to take a lesser paying job out of state. The debtors filed bankruptcy, and in the course of the bankruptcy, the vehicle was surrendered to Americredit leaving a deficiency balance of approximately $9,160.16.

Americredit filed an adversary proceeding seeking to have the Gallamore's debt declared nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and/or (B). Americredit alleged that it relied upon the credit application to extend credit based upon the debtor's alleged misrepresentation of her "income" of $2,000 per month as a foster parent. The court found Americredit's allegations completely unfounded and dismissed the nondischargeablity complaint. In an abundance of caution, the court set a hearing to allow Americredit to demonstrate to the court how their complaint was "substantially justified" to avoid payment of the debtor's fees and costs pursuant to 11 U.S.C. § 523(d).

2-U.S. Bankruptcy Court, M.D. Tenn.

Case 1:06-ap-00034    Doc 42    Filed 02/22/07    Entered 02/22/07 14:37:14    Desc Main
                            Document      Page 2 of 6

Specifically, the court ruled as follows:

> It appears that Americredit's complaint may not have been "substantially justified" under section 523(d) thereby requiring the court to order the payment of costs and attorney fees to the debtors. Section 523(d) provides:
>
>> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.
>
> 11 U.S.C. § 523(d). Once it is determined that the debtor prevails, the burden shifts to the creditor to prove that its position was "substantially justified." ***AT&T Universal Card Services Corp. v. Williams (In re Williams)***, 224 B.R. 523, 529 (2nd Cir. BAP 1998); ***First Deposit National Bank v. Mack (In re Mack)***, 219 B.R. 311, 314 (Bankr. N.D.Fla. 1998). To carry its burden, the creditor must show that it has a "reasonable basis in both law and fact." ***Id***; ***In re Bullock*** 322 B.R. 176, 179 (Bankr. M.D.Ala. 2005).
>
> In order to allow Americredit the opportunity to demonstrate that it had a "reasonable basis in law and fact" to **substantially** justify the prosecution of this dischargeability action, the court orders that <u>a hearing be held on Tuesday, February 20, 2007 at 9:00 a.m. in Courtroom 1, 701 Broadway, Nashville, TN 37203</u>. At the hearing, if the court determines that the complaint was not substantially justified, Americredit will be responsible for the debtors' reasonable costs and attorney fees, including attorney fees incurred at that hearing.

***Americredit Financial Services, Inc. v. Gallamore, et al., (In re Gallamore)***, *06-0034A, Adversary Docket Number 32*, Jan. 25, 2007.

The hearing was heard on February 20, 2007. At that time, Americredit introduced the debtor's 2004 Examination to justify the bringing the complaint. In the deposition, Americredit's counsel asks the following questions which Americredit argued served as the basis for the nondischargeability action:

Q: It's a credit application?

3-U.S. Bankruptcy Court, M.D. Tenn.

Case 1:06-ap-00034    Doc 42    Filed 02/22/07    Entered 02/22/07 14:37:14    Desc Main
Document      Page 3 of 6

>   A:   For Ford credit.
>
>   Q:   And was this document completed and signed by you?
>   A:   Yeah.
>
>   . . .
>
>   Q:   So you filled out this credit application ---- this is what the dealer gave you?
>   A:   Yes. They actually filled it out. You know, they just asked me questions about it.
>
>   Q:   So they asked you questions and they put down the information and then you reviewed and signed it?
>   A:   That's correct.
>
>   . . .
>
>   Q:   Was the information contained on the credit application correct?
>   A:   That's my name and . . . Yeah, I was a foster parent. Uh-huh.
>
>   . . .
>
>   Q:   And then your income from being a foster parent was $2,000 a month?
>   A:   That's correct.

Debtor's 2004 Examination Dated May 23, 2006, p- 61-63. According to Americredit, it relied in good faith upon the debtor's misrepresentation that she had income of $2,000 per month from being a foster parent. Americredit attributes the debtor with particular knowledge and understanding that she purposefully used her foster care reimbursement money as income for purposes of purchasing a car, and not as income on her taxes and her bankruptcy statements and schedules. In the earlier Memorandum, the court completely rejected Americredit's assertion that the debtor intentionally lied, manipulated or otherwise misled Americredit or anyone else about her finances in preparation of her taxes, bankruptcy petition or in obtaining the car loan at the dealership. The court reaffirms that finding here.

The court can only reiterate here what it tried to make abundantly clear in the earlier Memorandum and at the hearing. This was a very credible debtor. Her testimony was unrebutted and without question that she fully informed her salesman

as to her situation, and he filled out the credit application for her to sign. There is no question that the salesman was attempting to close his sale by providing the debtor with a credit application he thought more likely to get approved by the way he filled it out. The debtor did nothing more than provide a truthful and accurate account of her finances to the salesman she was familiar with at the dealership.

> As the court stated from the bench:
>
> > The court heard the testimony---this woman just went into the car dealer as she had done several times before or at least one other time before because she said this is the person she dealt with every time at the dealership. She just gave them the information of what her circumstances were and they sold her the car. That was it. That's as far as she went.
> >
> > If she had gone in there and if she had been evasive or if she had tried to trick the car dealer, that would have been a good case, but . . . I just don't see where she misled anyone. . .
> >
> > . . .
> >
> > I judge credibility. Nobody else judges credibility, and this debtor was highly credible. I mean she is a foster parent taking in kids with special needs. I mean bring me the dirtball and I can handle them, but as far as the credibility and believability of this debtor, she was as good as anyone I have seen, and I have seen some suspicious characters in twenty- five years, but that is what is impressed me about this whole case is that someone who did what she thought was right all along. I never imagined she was trying to trick the court or the dealer from her testimony.

Americredit presented no proof at the February 20, 2007 hearing that convinced this court it was substantially justified in bringing the nondischargeablity action. The debtor's 2004 Examination does nothing to demonstrate a substantially justified basis in law or fact for waging the nondischargeablity action. In this situation, 11 U.S.C. § 523(d) mandates that the creditor pay the debtor's reasonable costs and attorney fees.

Accordingly, the court finds that Americredit shall pay the debtors' costs and attorney fees associated with this adversary proceeding. Counsel for the debtors shall

prepare an affidavit and Order setting forth the reasonable fees and costs leaving the amount blank in the Order blank for the court to decide. The affidavit shall include fees and costs incurred in this adversary proceeding including the February 20, 2007 hearing, the debtor's time in missing two days of work for attending both hearings, and debtors' counsel's time in preparing the affidavit and Order to be submitted to the court in accordance with this Memorandum.

It is, THEREFORE, so ordered.

This ____ day of February, 2007.

***THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.***